ELIZABETH C. WOODARD, OSB 075667
Deputy City Attorney
beth.woodard@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendant City of Portland*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ANGELICA ERIKA CLARK, Individually,** | 3:22-cv-01080-SI |
| **Plaintiff,** | |
| v. | **DEFENDANT CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES** |
| **CITY OF PORTLAND, a municipal corporation, and JOHN DOES 1-3, in their individual capacities,** | |
| **Defendants.** | |

Defendant City of Portland responds to Plaintiff's Complaint (ECF 1) in correspondingly numbered paragraphs below.

**PRELIMINATRY STATEMENT**

The Preliminary Statement to Plaintiff's Complaint contains legal conclusions, which the City is not obligated to answer, and information that the City lacks sufficient knowledge to admit or deny. The City accordingly denies the allegations in the Preliminary Statement to plaintiff's complaint.

///

///

Page 1 –   DEFENDANT CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES

## BACKGROUND AND CONTEXT

1.

The City admits that on May 25, 2020, Minneapolis police officers caused the death of George Floyd, an African American man, when Minneapolis police officer Derek Chauvin kneeled on George Floyd's neck while Mr. Floyd was in custody. Otherwise, the City lacks knowledge or information sufficient at the present time to admit or deny the allegations in Paragraph 1 of the Complaint , and therefore denies the allegations.

2.

The City admits that a bystander or bystanders filmed Officer Chauvin's use of force, detention and arrest of Mr. Floyd, and that bystander video sparked outrage and disgust, which manifested in a range of individual and group behaviors across the United States and in Portland: peaceful protests, demonstrations, civil disturbances and riots.  Otherwise, the City lacks knowledge or information sufficient at the present time to admit or deny the allegations in Paragraph 2 of the Complaint , and therefore denies the allegations.

3.

The City admits that a combination of peaceful protests, demonstrations, civil disturbances and riots have occurred in Portland since the police killing and murder of George Floyd in Minneapolis on May 25, 2020, and those protests, demonstrations, civil disturbances and riots occurred continuously into the fall of 2020.  Otherwise, the City lacks knowledge or information sufficient at the present time to admit or deny the allegations in Paragraph 3 of the Complaint , and therefore denies the allegations.

4.

The City admits Portland Police Bureau ("PPB") responded to protest activity between May 29 and November 15, 2020. The City denies the remaining allegations, assertions and characterizations contained in Paragraphs 4.

5.

The City admits that in 2012 it entered into a settlement agreement with the United States of America in *United States v. City of Portland*, U.S. District Court Case No. 3:12-cv-02265-SI ("Settlement Agreement").  The U.S. Department of Justice ("USDOJ") Settlement Agreement and related court filings and orders speak for themselves, and the City affirmatively refers to and incorporates the Settlement Agreement and related court filings for a complete discussion of their contents.  The City otherwise denies the remaining allegations of Paragraph 5.

6.

The City admits PPB has revised policies and trainings since 2012 and denies the remaining allegations of Paragraph 6.

7.

The City admits that recently the USDOJ contended that the City had failed to achieve substantial compliance with certain obligations under the Settlement Agreement, and the City further admits that it and USDOJ have agreed to various remedial actions. The Settlement Agreement and related court filings and orders speak for themselves, and the City affirmatively refers to and incorporates the Settlement Agreement and related court filings for a complete discussion of their contents.  The City otherwise denies the remaining allegations of Paragraph 7.

8.

The document referenced in Paragraph 8 speaks for itself. The City denies the remaining allegations of Paragraph 8.

9.

The City admits that in *Don't Shoot Portland, et al. v. City of Portland*, U.S. District Court Case No. 3:20-cv-00917-HZ, the court entered a Temporary Restraining Order on June 9, 2020 with respect to the use of tear gas, and later, on June 26, 2020 entered a stipulated Temporary Restraining Order with respect to the use of less lethal munitions.  Defendant City

admits that on November 27, 2020, Chief Judge Hernandez found that a single officer had violated the stipulated TRO regarding the use of a FN303 less lethal launcher on June 30, 2020 in three instances, by deploying the less lethal munitions at protestors not engaged in "active aggression" as defined PPB Directive 1010.10, which had been incorporated by reference into the stipulated TRO.  The City affirmatively alleges Chief Judge Hernandez never found the officer's use of the FN303 launcher constitutionally unreasonable or excessive.  Regardless, the June 9, June 26, and November 27, TROs and Court Order speak for themselves, and Defendant City affirmatively refers to and incorporates them for a complete discussion of their contents.  Otherwise, the City denies the allegations contained in Paragraph 9 of the Complaint.

## JURISDICTION

10.

Paragraph 10 contains legal conclusions, which the City is not obligated to answer. To the extent an answer is required as to the allegations of Paragraph 10, the City admits this Court has subject matter jurisdiction for all claims alleged pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and claims pursuant to 42 U.S.C. § 1983.

11.

The City admits this Court has subject matter jurisdiction for all claims alleged pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and claims pursuant to 42 U.S.C. § 1983.

12.

The City denies this Court has jurisdiction over any of Plaintiff's state law claims.

13.

The City admits that the acts and practices alleged in the Complaint occurred in the District of Oregon.  The City lacks sufficient knowledge and information to admit or deny the remaining allegations in Paragraph 13 , and therefore denies the same.

## PARTIES

14.

The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14 of the Complaint , and therefore denies the same.

15.

The City lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 15 of the Complaint , and therefore denies the same.

16.

Paragraph 16 contains legal conclusions, which the City is not obligated to answer. The City admits that it is a municipal entity created and authorized under the laws of the State of Oregon.  The City denies the remainder of the paragraph.

## FACTS COMMON TO CLAIMS

17.

The City admits that on July 25, 2020, demonstrations and civil disturbances occurred in Portland.  The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 17 of the Complaint, and therefore denies the same.

18.

The City admits that demonstrations and civil disturbances continued into the early morning of July 26, 2020.  The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 18 of the Complaint, and therefore denies the same.

19.

The City affirmatively alleges it lawfully and constitutionally managed the demonstrations and civil disturbances respecting persons' First Amendment right to peaceably assemble.  The City affirmatively alleges it warned all participants to the demonstration that assaultive behavior may result in their arrest, to stay out of the street, that there were no permits

to march or be in the street, to obey all state and local laws, and that failure to obey such laws might result in arrest or police use of force. The City lacks knowledge and information sufficient at this time to admit or deny the remaining allegations of Paragraph 19, and therefore denies the same.

20.

The City lacks knowledge and information sufficient at this time to admit or deny the allegations of Paragraph 20, and therefore denies the same.

21.

The City lacks knowledge and information sufficient at this time to admit or deny the allegations of Paragraph 21, and therefore denies the same.

22.

The City lacks knowledge and information sufficient at this time to admit or deny the allegations of Paragraph 22, and therefore denies the same.

23.

The City lacks knowledge and information sufficient at this time to admit or deny the allegations of Paragraph 23, and therefore denies the same.

24.

The City lacks knowledge and information sufficient at this time to admit or deny the allegations of Paragraph 24, and therefore denies the same.

25.

The City lacks knowledge and information sufficient at this time to admit or deny the allegations of Paragraph 25, and therefore denies the same.

26.

The City lacks knowledge and information sufficient at this time to admit or deny the allegations of Paragraph 26, and therefore denies the same.

27.

The City lacks knowledge and information sufficient at this time to admit or deny the allegations of Paragraph 27, and therefore denies the same.

28.

The City lacks knowledge and information sufficient at this time to admit or deny the allegations of Paragraph 28, and therefore denies the same.

**FIRST CLAIM FOR RELIEF**

**42 U.S.C. § 1983 – Fourth Amendment Violation – Excessive Force**

*Doe Defendants*

29.

The City incorporates Paragraphs 1 – 28 as if fully set forth herein.

30.

The City asserts Paragraph 30 is not directed at the City and requires no response. To the extent a response is required by the City, the City lacks knowledge and information sufficient at this time to admit or deny the allegations of Paragraph 30 , and therefore denies the same.

31.

The City asserts Paragraph 31 is not directed at the City and requires no response. To the extent a response is required by the City, the City lacks knowledge and information sufficient at this time to admit or deny the allegations of Paragraph 31, and therefore denies the same.

32.

The City asserts Paragraph 32 is not directed at the City and requires no response. To the extent a response is required by the City, the City lacks knowledge and information sufficient at this time to admit or deny the allegations of Paragraph 32, and therefore denies the same.

33.

The City asserts Paragraph 33 is not directed at the City and requires no response. To the

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

extent a response is required by the City, the City lacks knowledge and information sufficient at this time to admit or deny the allegations of Paragraph 33, and therefore denies the same.

34.

The City asserts Paragraph 34 is not directed at the City and requires no response. To the extent a response is required by the City, the City lacks knowledge and information sufficient at this time to admit or deny the allegations of Paragraph 34, and therefore denies the same.

35.

The City asserts Paragraph 35 is not directed at the City and requires no response. To the extent a response is required by the City, the City lacks knowledge and information sufficient at this time to admit or deny the allegations of Paragraph 35, and therefore denies the same.

36.

The City asserts Paragraph 36 is not directed at the City and requires no response. To the extent a response is required by the City, the City lacks knowledge and information sufficient at this time to admit or deny the allegations of Paragraph 36, and therefore denies the same.

37.

The City asserts Paragraph 37 is not directed at the City and requires no response. To the extent a response is required by the City, the City asserts Paragraph 37 constitutes a legal conclusion and requires no response.

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – Fourth Amendment Violation – *Monell*

### Unconstitutional Policy, Custom, or Practice

*Defendant City of Portland*

38.

The City incorporates paragraphs 1 – 37 as if fully set forth herein.

///

Page 8 – DEFENDANT CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

39.

Paragraph 39 contains legal conclusions, which the City is not obligated to answer. To the extent an answer is required as to the allegations of Paragraph 39, the City lacks knowledge and information sufficient at this time to admit or deny the allegations of Paragraph 39, and therefore denies the same

40.

The City denies the allegations in Paragraph 40.

41.

The City denies the allegations in Paragraph 41.

42.

The City asserts Paragraph 42 constitutes a legal conclusion and requires no response.

### THIRD CLAIM FOR RELIEF

**State Law – Battery**

*Doe Defendants*

43.

The City incorporates Paragraphs 1 – 42 as if fully set forth herein.

44.

Paragraph 44 contains legal conclusions, which the City is not obligated to answer. To the extent an answer is required as to the allegations of Paragraph 44, the City admits it received a letter from Pucci Law on behalf of Angelica Clark dated January 14, 2020 [*sic*] describing injuries Ms. Clark sustained on July 26, 2020. The City admits this letter was received by City of Portland Risk Management on January 19, 2021. The City lacks knowledge and information sufficient at this time to admit or deny the remaining allegations of Paragraph 44, and therefore denies the same.

///

45

The City asserts Paragraph 45 is not directed at the City and requires no response. To the extent a response is required by the City, the City lacks knowledge and information sufficient at this time to admit or deny the allegations of Paragraph 45, and therefore denies the same.

46.

The City asserts Paragraph 46 is not directed at the City and requires no response. To the extent a response is required by the City, the City lacks knowledge and information sufficient at this time to admit or deny the allegations of Paragraph 46, and therefore denies the same.

47.

The City asserts Paragraph 47 is not directed at the City and requires no response. To the extent a response is required by the City, the City lacks knowledge and information sufficient at this time to admit or deny the allegations of Paragraph 47, and therefore denies the same.

**FOURTH CLAIM FOR RELIEF**

**State Law – Negligence**

*Doe Defendants*

48.

The City incorporates Paragraphs 1 – 47 as if fully set forth herein.

49.

The City asserts Paragraph 49 is not directed at the City and requires no response. To the extent a response is required by the City, the City lacks knowledge and information sufficient at this time to admit or deny the allegations of Paragraph 49, and therefore denies the same.

50.

The City asserts Paragraph 50 is not directed at the City and requires no response. To the extent a response is required by the City, the City lacks knowledge and information sufficient at this time to admit or deny the allegations of Paragraph 50, and therefore denies the same.

51.

The City asserts Paragraph 51 is not directed at the City and requires no response. To the extent a response is required by the City, the City lacks knowledge and information sufficient at this time to admit or deny the allegations of Paragraph 51, and therefore denies the same.

### FIFTH CLAIM FOR RELIEF

### State Law – Negligence

*Defendant City of Portland*

52.

The City incorporates Paragraphs 1 – 51 as if fully set forth herein.

53.

The City denies the allegations in Paragraph 53.

54.

The City denies the allegations in Paragraph 54.

55.

The City denies the allegations in Paragraph 55.

56.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted. *DeShaney v. Winnebago County Dept. of Social Servs.,* 489 U.S. 189, 195-97, 202 (1989); *Johnson v. City of Seattle,* 474 F.3d 634-41 (9th Cir. 2007).

57.

### SECOND AFFIRMATIVE DEFENSE

**(Qualified Immunity)**

All individually-named Defendants, including but not limited to the City and yet to be

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

identified Defendants, are entitled to qualified immunity from liability under 42 U.S.C. § 1983. Defendants at all times acted in good faith, and a reasonable police officer would have known that any of their actions or inactions would violate a clearly established constitutional right of Plaintiff.

58.

### FOURTH AFFIRMATIVE DEFENSE

### (Right to Amend)

The City reserves the right to amend its Answers and Defenses as discovery proceeds.

### PRAYER

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant City of Portland asks for the following relief:

A. That judgment be entered in favor of Defendant City of Portland.

B. The City be awarded its reasonable costs herein; and

C. That the City be awarded such other relief as the Court deems just and equitable.

Dated: September 23, 2022

Respectfully submitted,

*/s/ Elizabeth C. Woodard*
ELIZABETH C. WOODARD
OSB # 075667
Deputy City Attorney
Telephone: (503) 823-4047
*Of Attorneys for Defendant City of Portland*

Page 12 – DEFENDANT CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES